IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00889-RBJ

SILVIA CRUZ,

      Petitioner,

v.

LORI SCIALABBA, Acting Director, United States Citizenship and Immigration Services,
LAURA ZUCHOWSKI, Acting Director, Vermont Service Center, United States Citizenship and
Immigration Services,
JEH JOHNSON, Secretary of the Department of Homeland Security,

      Respondents.

---

## ORDER

---

      This case is before the Court on Petitioner's Motion for Attorney's Fees under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [ECF No. 14].  For the reasons laid out

below, the motion is denied.

## I. FACTS

      This case involves a much-delayed decision from the government approving Petitioner

Silvia Cruz's application for Temporary Protected Status ("TPS"), an immigration status

awarded to aliens who cannot safely return to their home countries because of natural disasters or

other unsafe conditions.  Mrs. Cruz is a citizen of El Salvador.  ECF No. 1 at ¶ 1.  In July of

2013, she filed two applications with United States Citizenship and Immigration Services

("USCIS"): an I-765, Application for Employment Authorization, and an I-821, an application to

renew her registration for Temporary Protected Status.  *Id.* at ¶ 2.  Mrs. Cruz's I-765 application

was denied on October 7, 2013, but she did not receive any decision on her I-821 application.

ECF No. 1 at ¶ 3.  This delay was an error on the part of USCIS, apparently caused by a

misplaced or overlooked record.  *See* ECF No. 15 at 2.  In any event, USCIS voluntarily

approved Mrs. Cruz's I-821 application soon after she commenced this litigation.  *See* ECF No.

14 at ¶ 5.

This Court played no role in the application's ultimate approval.  The Court held a status

conference with the parties on April 28, 2014, which lasted for five minutes.  ECF No. 11.

Following the conference, the Court ordered that petitioner file a status report or dismissal

paperwork in the beginning of June of 2014.  *Id.*  The parties subsequently filed a joint motion to

dismiss because USCIS had voluntarily approved Mrs. Cruz's I-821.  ECF No. 12.  On June 5,

2014, the Court denied the parties' joint motion to dismiss, commenting that the Court would

"enter a final judgment of dismissal when all remaining issues concerning fees and costs have

been resolved."  ECF No. 13.  Petitioner now moves for an award of attorney's fees under the

EAJA; the government opposes her request.

## II. DISCUSSION

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing
> party other than the United States fees and other expenses . . . incurred by that party in
> any civil action . . . unless the court finds that the position of the United States was
> substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, to prevail under the EAJA, a party must show that (1) it was

the prevailing party, (2) the position of the United States was not substantially justified, and (3)

there are no special circumstances that make an award unjust.

2

The government contends that Mrs. Cruz was not the prevailing party in this action, and the Court agrees.[1]  The Supreme Court has held that, in construing the term "prevailing party," "respect for ordinary language requires that a petitioner receive at least some relief on the merits of his claim before he can be said to prevail." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001) (internal quotations, citations, and alterations omitted).  Furthermore, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the petitioner sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.  Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.* at 605 (emphasis in original).  The Tenth Circuit has explicitly held that the *Buckhannon* analysis applies to the "prevailing party" determination in EAJA cases.  *Iqbal v. Holder*, 693 F.3d 1189, 1194 (10th Cir. 2012) *cert. denied* 133 S. Ct. 1603 (2013).

Here, following the parties' status conference on April 28, 2014, the Court ordered that petitioner file a status report or dismissal paperwork in the beginning of June of 2014.  ECF No. 11.  On June 5, 2014, the Court denied the parties' joint motion to dismiss, commenting that the Court would "enter a final judgment of dismissal when all remaining issues concerning fees and costs have been resolved."  ECF No. 13.  Neither of these orders altered the legal relationship between the parties.  Indeed, the government voluntarily approved Mrs. Cruz's I-821 application without the Court's intervention.  This is precisely a situation in which "[a] defendant's voluntary change in conduct" accomplished "what the petitioner sought to achieve by the

---

[1] Because this finding is dispositive, the Court does not address the government's additional argument that its position was substantially justified.

lawsuit," without the judicial *imprimatur* necessary to consider the petitioner a prevailing party. *See Buckhannon*, 532 U.S. at 603–04.  Thus Mrs. Cruz was not a prevailing party in this action, and the Court will not award attorney's fees.

The petitioner argues that she is the prevailing party "by virtue of the fact that [the] Court granted her petition to retain jurisdiction over the case until adjudication was complete."  ECF No. 14 at ¶ 7.  This statement mischaracterizes petitioner's own request for relief.  What the petitioner requested was that the Court order the government to adjudicate her I-821 and "retain jurisdiction during the adjudication of the I-821 petition in order to ensure compliance with the Court's orders."  ECF No. 1 at 5.  The Court, however, never ordered USCIS to adjudicate the I-821 form.  Consequently, neither did the Court state that it would retain jurisdiction to assure the government comply with such an order.  Furthermore, the fact that the Court retained jurisdiction did nothing to alter the legal relationship of the parties or provide petitioner relief on the merits; thus the act of retaining jurisdiction cannot be a basis for deeming one party to have prevailed under *Buckhannon*.  *See* 532 U.S. at 603–04.  For these reasons, the petitioner's argument on this point rests on factual and legal inaccuracies, and the Court finds it without merit.

For the foregoing reasons, the Court finds that the petitioner was not a prevailing party in this action and thus is not entitled to attorney's fees.

## ORDER

Petitioner's Motion for Attorney's Fees under the Equal Access to Justice Act [ECF No. 14] is DENIED.  The Court now enters a final judgment of dismissal.

DATED this 18th day of December, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge